KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana. California 92705

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HOFFMAN & FORDE, ATTORNEYS AT LAW**
Schuyler Hoffman, Esq. (SBN: 255632)
shoffman@hoffmanforde.com
Daniel Forde, Esq. (SBN: 248461)
dforde@hoffmanforde.com
3033 Fifth Avenue, Suite 225
San Diego, CA 92103
Telephone: (619) 546-7880
Facsimile: (619) 546-7881

**HYDE & SWIGART**
Robert L. Hyde, Esq. (SBN 227183)
bob@westcoastlitigation.com
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiffs*,
Jonas Dahlgren; and, Stuart Farber

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

**JONAS DAHLGREN; AND, STUART FARBER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**

Plaintiffs,

v.

**JPMORGAN CHASE & CO.,**

Defendant.

**Case No.:** '12CV2367 H BGS

**CLASS ACTION**

**CLASS ACTION COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

COMES NOW, JONAS DAHLGREN (referred to individually as "Mr. Dahlgren" or collectively as "Plaintiffs") and STUART FARBER (referred to individually as "Mr. Farber" or collectively as "Plaintiffs"), individually and on behalf of all others similar situated, bring this First Amended Class Action Complaint for Damages against Defendant JPMORGAN CHASE & CO. ("Defendant") and based on personal knowledge and on information and belief alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(a). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000 and is a class action in which at least one member of the class of Plaintiffs is a citizen of a State different from any Defendant.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that many of the acts and transactions giving rise to this action occurred in this district and because Defendant:

   a. is authorized to conduct business in this district and has intentionally availed themselves of the laws and markets within this district;

   b. does substantial business in this district;

   c. caused a substantial part of the harm within this district;

   d. is subject to personal jurisdiction in this district; and,

   e. Mr. Dahlgren resides within this district.

## PARTIES

3. Mr. Dahlgren is a natural person who resides in the City of El Cajon, County of San Diego, State of California. At all times relevant herein, Mr. Dahlgren owned the Dahlgren Property, a single family residence located at 11408 Via Rancho San Diego, El Cajon, CA 92019.

///

///

///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana. California 92705

4. Mr. Farber is a natural person who resides in the City of Los Angeles, County of Los Angeles, State of California. At all times relevant herein, Mr. Farber owned the Farber Property, a single family residence located at 8129 Willow Glen Road, Los Angeles, CA 90046.

5. Plaintiffs are informed and believe, and thereon allege, that Defendant is a company incorporated in the State of Delaware with its principal place of business in the State of New York.

6. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## BACKGROUND

### CCP § 580B

7. *California Code of Civil Procedure § 580b* ("*CCP § 580b*") precludes personal liability for a deficiency resulting from any loan obtained to pay the purchase price of owner-occupied residential property.

8. Specifically, *CCP § 580b* provides:

> "No deficiency judgment shall lie in any event after a sale of real property or an estate for years therein for failure of the purchaser to complete his or her contract of sale, or under a deed of trust or mortgage given to the vendor to secure payment of the balance of the purchase price of that real property or estate for years therein, or under a deed of trust or mortgage on a dwelling for not more than four families given to a lender to secure repayment of a loan which was in fact used to pay all or part of the purchase price of that dwelling occupied, entirely or in part, by the purchaser.
>
> Where both a chattel mortgage and a deed of trust or mortgage have been given to secure payment of the balance of the combined purchase price of both real and personal property, no deficiency judgment shall lie at any time under any one thereof if no deficiency judgment would lie under the deed of trust or mortgage on the real property or estate for years therein."

///

///

///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana. California 92705

9. After the Great Depression in the 1930s, the California legislature enacted *CCP § 580b* in order to require lenders holding a mortgage or deed of trust against an interest in real property to bring one single lawsuit against a defaulted borrower. This single lawsuit must both seek to enforce the security and to collect the secured debt. Essentially, the lender was required to exhaust the security prior to seeking enforcement of the secured debt against the debtor directly.

10. Between 1933 and 1963, *CCP § 580* was amended several times to include an anti-deficiency provision that would effectively prohibit lenders from seeking to collect a deficiency judgment against a debtor personally after the sale of residential property. This provision is subsection (b) of *CCP § 580*.

11. California courts at this time were concerned with the "evil" actions of creditors who frequently bid on debtors' real property at nominal figures while holding the debtors liable for a large portion of their original debts at the same time.

12. Thus, the legislature enacted *CCP §580b* to, among other things: (1) prevent the over-evaluation of land; (2) encourage home ownership; and (3) prevent a downturn in the economy that would likely occur if purchasers of land were burdened with personal liability in the event of falling home prices.

13. *CCP § 580b* prevents deficiency liability of any kind after a sale or foreclosure when the loan in question is secured by a borrower's home.

**Construction Loans**

14. California courts have decided that *CCP §580b* should be applied to property owners who borrow money to build their personal residence. The courts wanted to eliminate the inequitable situation where the purchaser of real property with an existing house was protected by *CCP §580b* but the purchaser of real property who later built a house on the lot was not protected. The owner of real property who finances and builds a dwelling on the property by acquiring or obtaining the dwelling for a price is in no less a sense a purchaser than the one who acquires or obtains the land itself.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

15. In other words, construction loans are considered to be purchase money and are therefore protected by *CCP §580b*.

**Waiver**

16. California law also makes it clear that a borrower may generally not waive the protections of *CCP § 580b*. The California Supreme Court has specifically stated that "to allow a purchase money creditor to circumvent the absolute rule [of prohibiting deficiency judgments] by enforcing a … waiver of *CCP § 580b* in exchange for other concessions would flout the very purpose of the rule." So in the absence of informed consent and consideration to the seller, the anti-deficiency protections of *CCP §580b* cannot be waived.

17. Borrowers, including Plaintiffs and other California consumers, should not be liable for deficiency in a short sale transaction because (1) they are not specifically agreeing to waive deficiency protections; (2) they are not receiving any consideration in the short sale transaction; and (3) the loans were used to originally purchase a primary residence and protected by *CCP § 580b*.

18. Thus, the protections of *CCP § 580b* cannot generally be waived by a borrower.

**FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFF JONAS DAHLGREN**

19. In November 2005, Mr. Dahlgren allegedly incurred financial obligations to Defendant in order to refinance Mr. Dahlgren's primary residence located at 11408 Via Rancho San Diego, El Cajon, CA 92019 (the "Dahlgren Property"). Said financial obligation is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

20. Sometime thereafter, Mr. Dahlgren allegedly fell behind in the payments allegedly owed on the alleged debt as a result of the severe economic turmoil currently plaguing the country.

21. In August 2010, Mr. Dahlgren sold the Dahlgren Property through a "short sale" with Defendant receiving approximately $164,796.00

///

///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

22. In selling the Dahlgren Property via short sale, Mr. Dahlgren signed a short sale approval letter containing language that attempted to hold Mr. Dahlgren responsible for all deficiency balances remaining on the loan which waived the protections allotted under *CCP § 580b*. Specifically, Defendant's short sale approval letter stated, "[t]he amount paid to chase is for the release of Chase's security interest(s) only, and the Borrower is responsible for all deficiency balances remaining on the Loan, per the terms of the original loan documents."

23. However, Mr. Dahlgren's loan was a standard purchase money debt secured by Mr. Dahlgren's home. Thus, pursuant to *CCP § 580b*, there was never any deficiency obligation remaining on Mr. Dahlgren's loan.

24. Nonetheless, Defendant has continued collection efforts on the purported deficiency balance alleging that Mr. Dahlgren is not protected by *CCP § 580b*. Specifically, Defendant now claims Mr. Dahlgren is indebted in the amount of approximately $99,281.00. Defendant contends that Mr. Dahlgren waived the protections of *CCP § 580b* by agreeing to the short sale of Mr. Dahlgren's home. Representatives of Defendant have indicated that, should Mr. Dahlgren not pay on Mr. Dahlgren's non-collectible debt, Defendant will take all necessary and available actions to pursue the balance purportedly owed.

25. Further, despite Mr. Dahlgren's repeated requests to review the validity of the purported debt, Defendant has made various reports to credit agencies that Mr. Dahlgren is delinquent on this un-collectible debt.

26. As a result of Defendant's false and deceptive collection efforts, Mr. Dahlgren submitted payment in the amount of $200.00 to Defendant, which Defendant deposited on August 5, 2012.

///

///

///

///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana. California 92705

**FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFF STUART FARBER**

27. In August 2007, Mr. Farber allegedly incurred financial obligations in the amount of $1,559,200.00 to the original creditor, Defendant, in the form of a construction loan for 8129 Willow Glen Road, Los Angeles, CA 90046 (the “Farber Property”), which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore “debt(s)” as that term is defined by California Civil Code §1788.2(d), and a “consumer debt” as that term is defined by California Civil Code §1788.2(f).

28. The terms of said loan explicitly stated that the “[b]orrower [Mr. Farber] has requested and been approved for a home loan…to purchase the real property securing the loan…and construct a residence on the Farber Property. Thereafter, Mr. Farber used this loan in the precise manner anticipated by the parties in leveling the home previously built on the Farber Property and constructing an entirely new residence on the property.

29. Sometime thereafter, Mr. Farber allegedly fell behind in the payments allegedly owed on the alleged debt as a result of the severe economic turmoil currently plaguing the country.

30. In September 2010, Mr. Farber sold the Farber Property by way of a “short sale” with Defendant receiving approximately $1,139,345.00.

31. In selling the Farber Property through a short sale in September 2010, Mr. Farber signed a short sale approval letter containing language that attempted to hold Mr. Farber responsible for all deficiency balances remaining on the loan which waived the protections allotted under *CCP § 580b*. Specifically, Defendant’s short sale approval letter stated, “[t]he amount paid to chase is for the release of Chase’s security interest(s) only, and the Borrower is responsible for all deficiency balances remaining on the Loan, per the terms of the original loan documents.”

32. However, Mr. Farber’s loan was a standard purchase money debt secured by Mr. Farber’s home. Thus, pursuant to *CCP § 580b*, there was never any deficiency obligation remaining on Mr. Farber’s loan.

///

///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana. California 92705

33. Nonetheless, Defendant has continued collection efforts on the purported deficiency balance alleging that Mr. Farber is not protected by *CCP § 580b.*Specifically, Defendant now contends that Mr. Farber is indebted to Defendant in the amount of approximately $419,855.00. Defendant has attempted to collect on this purported deficiency balance even though there is no debt owed under California law. While Mr. Farber has repeatedly explained to Defendant that this debt is non-collectible due to *CCP § 580b*, Defendant contends that Mr. Farber waived the protections of *CCP § 580b* by agreeing to the short sale of Mr. Farber's home.

34. Representatives of Defendant have indicated that, should Mr. Farber not pay on Mr. Farber's non-collectible debt, Defendant will take all necessary and available actions to pursue the balance purportedly owed, including taking legal action against Mr. Farber.

35. Further, despite Mr. Farber's repeated requests to review the validity of the purported debt, Defendant has made various reports to credit agencies that Mr. Farber is delinquent on this un-collectible debt.

36. Further, despite Mr. Farber's repeated requests to review the validity of the purported debt, Defendant has made various reports to credit agencies that Mr. Farber is delinquent on this un-collectible debt.

37. As a result of Defendant's false and deceptive collection efforts, Mr. Farber submitted payment in the amount of $400.00 to Defendant, which Defendant deposited on August 16, 2012.

## GENERAL ALLEGATIONS

38. At all times relevant, Plaintiffs are individuals residing within the State of California.

39. Plaintiffs are informed and believe, and thereon allege, that at all times relevant, Defendant conducted business in the State of California.

///

///

///

///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana. California 92705

40. Prior to filing suit, Plaintiffs spent months trying to work with Defendant to solve the problems created by Defendant, specifically informing Defendant that *CCP § 580b* absolved Plaintiffs of any liability for the deficiency balance that is alleged to have remained after Plaintiffs' respective short sales. Despite these good faith attempts, Plaintiffs made no progress and were constantly mislead by Defendant's assertions that Plaintiffs were not protected by *CCP § 580b* or that Plaintiffs waived the protections of *CCP § 580b* by agreeing to a short sale of Plaintiffs' respective homes.

41. As a result of Defendant's improper and unauthorized conduct, Plaintiffs have suffered monetary damages.

42. Furthermore, Plaintiffs are not alone; Defendant has improperly, unlawfully, and without legal authority attempted to collect invalid debts from Plaintiffs and other California consumers – including threats of legal actions if California consumers did not pay Defendant significant sums for debts that were not owed. Defendant has also made various reports to credit agencies that California consumers are delinquent on these un-collectible debts. These acts and omissions constitute unlawful, unfair, and fraudulent conduct under California's Unfair Competition Law, Business & Professions Code §17200 *et seq.* (the "UCL"); and, violate the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Civil Code §1788 *et seq*.

## CLASS ACTION ALLEGATIONS

43. Plaintiffs bring this lawsuit on behalf of themselves and the proposed Class members under Rule 23(b)(3) of the Federal Rules of Civil Procedure. The proposed Class consists of:

> All persons who obtained a loan from Defendant, for purposes of purchasing or refinancing their primary residence, including construction loans, secured by property located in the State of California that was subsequently sold, where Defendant continued to collect a deficiency balance in the four years prior to the filing of this Complaint.

44. Excluded from the Class are Defendant and any of its officers, directors, and employees.

///

45. ***Numerosity***. The members of the Class are so numerous that their individual joinder is impracticable. Plaintiffs are informed and believe, and thereon allege, that the proposed Class contains thousands of members. While the precise number of Class members is unknown to Plaintiffs, it is known to Defendant.

46. ***Existence and Predominance of Common Questions of Law and Fact***. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. All members of the Class have been subject to the same conduct and their claims are based on standard form contracts. The common legal and factual questions include, but are not limited to, the following:

a. Whether Defendant has a policy of collecting deficiency balances that are not owed by Plaintiffs and the Class members;

b. Whether the alleged conduct constitutes violations of *CCP § 580b*;

c. Whether the alleged conduct constitutes violations of *California Civil Code § 1788, et seq.*;

d. Whether the alleged conduct constitutes violations of *California Business & Professions Code § 17200, et seq.*;

e. Whether Plaintiffs and Class members have sustained monetary of property loss and the proper measure of that loss;

f. Whether Plaintiffs and Class members are entitled to declaratory and injunctive relief; and,

g. Whether Plaintiffs are entitled to restitution.

47. ***Typicality.*** Plaintiffs' claims are typical of the claims of the members of the Class in that Plaintiffs are members of the Class that they seek to represent.

48. ***Adequacy of Representation***. Plaintiffs will fairly and adequately protect the interest of the members of the Class. Plaintiffs have retained counsel experienced in the prosecution of this type of class action litigation. Plaintiffs have no adverse or antagonistic interests to those in the Class.

49. ***Superiority.*** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana. California 92705

inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the Defendant. Further the adjudication of this action presents no unusual management difficulties.

50. Unless a class is certified, Defendant will retain monies received as a result of their conduct that was taken from Plaintiffs and proposed Class members. Unless a class-wide injunction is issued, Defendant will continue to commit the violations alleged, and the members of the Class will continue to be misled and denied their rights. Defendant has acted or refused to act on grounds that general applicable to the class so that injunctive and declaratory relief is appropriate to the Class as a whole.

**CAUSES OF ACTION CLAIMED BY PLAINTIFFS**

**COUNT I**

**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**CAL. CIV. CODE § 1788 ET SEQ.**

51. Plaintiffs incorporate by reference and re-allege each and every allegation contained above, as though fully set forth herein.

52. Defendant is a debt collector within the meaning of *California Civil Code § 1788.2(c)* because it regularly engages in debt collection. The monies allegedly owed by the plaintiffs and members of the Class are debts within the meaning of *California Civil Code § 1788.2(d)*.

53. As described above, Defendant has violated the following provisions of the Rosenthal Act:

54. Through this conduct, Defendant violated *15 U.S.C. § 1692e(2)* by making false representations concerning the character, amount or legal status of any debt in asserting that the alleged debt alleged to be owed by Plaintiffs and the Class members was not protected under *CCP § 580b*. *15 U.S.C. § 1692e(2)* is incorporated into the RFDCPA by

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

*California Civil Code § 1788.17*. Thus, Defendant has also violated *Cal. Civ. Code § 1788.17*.

55. Through this conduct, Defendant violated *15 U.S.C. § 1692e(8)* by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed since Defendant has represented to the various Credit Reporting Agencies that Plaintiffs and members of the Class owe an alleged debt that is not owed by Plaintiffs or the Class members. *15 U.S.C. § 1692e(8)* is incorporated into the RFDCPA by *California Civil Code § 1788.17*. Thus, Defendant has also violated *Cal. Civ. Code § 1788.17*.

56. Through this conduct, Defendant violated *15 U.S.C. § 1692e(10)* by making false representations or using deceptive means to collect or attempt to collect on any debt by falsely representing to Plaintiffs and members of the Class that the alleged debt Defendant was attempting to collect was not protected by *CCP § 580b*. *15 U.S.C. § 1692e(10)* is incorporated into the RFDCPA by *California Civil Code § 1788.17*. Thus, Defendant has also violated *Cal. Civ. Code §* 1788.17.

57. Through this conduct, Defendant violated *15 U.S.C. § 1692f(1)* by attempting to collect amounts which were not expressly authorized by the agreement creating the debt or permitted by law since Defendant attempted to collect an alleged debt that was not owed by Plaintiffs or the members due to the protections of *CCP § 580b*. *15 U.S.C. § 1692f(1)* is incorporated into the RFDCPA by *California Civil Code § 1788.17*. Thus, Defendant has also violated *Cal. Civ. Code §* 1788.17.

**COUNT II**

**VIOLATIONS OF BUSINESS AND PROFESSIONS CODE §17200**

58. Plaintiffs incorporate by reference and re-allege each and every allegation contained above, as though fully set forth herein.

///

///

///

///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana. California 92705

**Introduction**

59. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

**Unlawful**

60. *California Business & Professions Code §17200* prohibits any "unlawful ... business act or practice." An unlawful business act or practice is an act or practice that is both undertaken pursuant to business activity and also forbidden by law. Any business act or practice that is unlawful, in the sense that it violates a specific statute, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made, may be enjoined under the UCL.

61. As discussed above, Defendant has systematically and continuously attempted to collect upon alleged debts neither owed by Plaintiffs nor the Class members due to the protection afforded by *California Civil Code § 580*. Defendant's conduct constitutes violations of *CCP § 580b*; *15 U.S.C. §§ 1692e(2)(A); 1692e(8); 1692e(10); and, 1692f(1)*. These sections of the FDCPA are incorporated into the RFDCPA through *California Civil Code § 1788.17*. Thus, Defendant has violated *California Civil Code § 1788.17*.

///

///

///

///

///

///

///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana. California 92705

62. Defendant's unlawful business practices directly harmed Plaintiffs and the members of the Class since Plaintiffs and the members of the Class have suffered monetary damages. In addition, Defendant's deceptive conduct lead Plaintiffs and the members of the Class to make a payment to Defendant despite the fact that Plaintiffs and the Members of the Class do not owe the alleged debt to Defendant or any other party. This payment exacerbated the substantial hardship currently being suffered by Plaintiffs and the Class Members since these consumers were already experiencing extreme financial hardships as a result of the current economic downturn. Furthermore, Defendant's unlawful business practices directly harmed Plaintiffs and the members of the Class and as a result statutory damages are now due to Plaintiffs and the members of the Class.

63. Thus, Defendant's conduct has violated the "unlawful" prong of *California Business & Professions Code § 17200*.

**Unfair**

64. *California Business & Professions Code § 17200*prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiffs reserve the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

65. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

66. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiffs. Plaintiffs have suffered injury in fact and have lost money by making payments to Defendant for an alleged debt that is not owed by Plaintiffs. It should be noted that Plaintiffs and the Class members are already facing dire financial situations that forced said

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana. California 92705

consumers to sell their primary residence via short sale. Furthermore, due to Defendant's unlawful, unfair and fraudulent practices, Plaintiffs' credit ratings have declined and Plaintiffs have lost money and property as a result thereof. Moreover, Plaintiffs also spent significant time and money investigating Defendant's claims. Thus, Defendant's conduct has caused substantial injury to Plaintiffs and the members of the Class.

67. Moreover, Defendant's deceptive conduct of collecting debts from consumers that were not owed by said consumers solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiffs and members of the Class to pay Defendant monies that Defendant had no right to collect from these consumers due to the protections afforded by *CCP § 580b*. Thus, the injury suffered by Plaintiffs and the members of the Class is not outweighed by any countervailing benefits to consumers.

68. Finally, the injury suffered by Plaintiffs and members of the Class is not an injury which these consumers could reasonably have avoided. After Defendant, a multinational bank, falsely represented that the *CCP § 580b* protections did not apply to the deficiency balances at issue, these consumers paid monies to Defendant in an attempt to protect themselves from the adverse consequences of owing such a substantial amount of money. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiffs and the Class members to make a payment toward an alleged debt that these consumers did not owe. Therefore, the injury suffered by Plaintiffs and members of the Class is not an injury which these consumers could reasonably have avoided.

69. Thus, Defendant's conduct has violated the "unfair" prong of *California Business & Professions Code § 17200*.

**<u>Fraudulent</u>**

70. *California Business & Professions Code § 17200* prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

///

///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

71. Here, not only were Plaintiffs and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiffs Jonas Dahlgren and Stuart Farber actually paid monies to Defendant despite the fact that Plaintiffs did not owe said monies, or any money for that matter, to Defendant due to the protections of *CCP § 580b*. Plaintiffs' reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant, a multinational bank, and Plaintiffs. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

72. Thus, Defendant's conduct has violated the "fraudulent" prong of *California Business & Professions Code § 17200*.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

73. Certifying the Class as requested herein;

74. Providing such further relief as may be just a proper.

In addition, Plaintiffs pray for further judgment as follows:

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE RFDCPA CAL. CIV. CODE § 1788 ET SEQ.**

- an award of actual damages, in an amount to be determined at trial, pursuant to *Cal. Civ. Code § 1788.30(a)*, against each named Defendant individually
- an award of statutory damages of $1,000.00, pursuant to *Cal. Civ. Code § 1788.30(b)*, against each named Defendant individually;
- an award of costs of litigation and reasonable attorney's fees, pursuant to *Cal. Civ. Code § 1788.30(c)*, against each named Defendant individually.

///

///

///

///

///

///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana. California 92705

## SECOND CAUSE OF ACTION

**VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 ET SEQ.**

- for equitable, injunctive, and monetary relief pursuant to *California Business and Professions Code § 17203*.

Dated: September 26, 2012

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: __/s/ Abbas Kazerounian___
ABBAS KAZEROUNIAN, ESQ.
ATTORNEY FOR PLAINTIFFS

**TRIAL BY JURY**

75. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: September 26, 2012

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: __/s/ Abbas Kazerounian___
ABBAS KAZEROUNIAN, ESQ.
ATTORNEY FOR PLAINTIFFS