1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUART FARBER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>                                        Plaintiff,<br><br>    vs.<br><br><br>JPMORGAN CHASE BANK N.A.,<br><br>                                        Defendant. | CASE NO.  12-cv-2367-GPC-BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND; DENYING DEFENDANT'S MOTION TO STRIKE AS MOOT**<br><br>[Dkt. Nos. 31, 32.] |

On July 22, 2013, Plaintiff Stuart Farber ("Plaintiff") filed a third amended complaint ("TAC") and a purported class action against Defendant JPMorgan Chase Bank, N.A. ("Defendant") alleging violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") and California Business & Professions Code section 17200 ("section 17200" and "UCL"). (Dkt.  No. 30.)  On August 12, 2013, Defendant filed a motion to dismiss the third amended complaint, and alternatively, a motion to strike. (Dkt.  No. 31.)  Plaintiff filed an opposition to the motion on October 4, 2013.  (Dkt. No. 35.)  Defendant filed a reply to Plaintiff's opposition on October 18, 2013.  (Dkt. No. 37.) The motions are submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1).  After review of the briefs, supporting documentation, and the applicable law, the Court GRANTS in part AND DENIES in part Defendant's

1   motion to dismiss and DENIES Defendant's motion to strike as MOOT.

2   **Factual Background**

3      On February 25, 2004, "Stuart Farber and Janice Adair, Husband and Wife as
4   Community Property" granted Countrywide Bank, a Division of Treasury Bank, N.A.
5   a deed of trust against the Farber Property to secure a $581,250.00 home loan. (Dkt.
6   No. 31; Exh. A.)   On the same day, they granted America's Wholesale Lender
7   ("AWL") a deed of trust against the Farber Property to secure a $116,250.00 revolving
8   credit agreement. (Dkt. No. 31; Exh. B.) Three years later, on August 30, 2007, while
9   occupying the entirety of the Farber Property, Mr. Farber and Ms. Adair granted
10  Washington Mutual Bank, FA a deed of trust against the Farber Property to secure a
11  $1,559,200.00 loan. (Dkt. No. 31; Exh. E.) This amount was used to pay off the two
12  deeds of trust recorded in 2004 and the additional amounts were used to construct a
13  new residence on the Farber Property at 8129 Willow Glen Road, Los Angeles, CA
14  90046 ("Farber Property"). (TAC ¶ 18.) The beneficiaries of the Countrywide and
15  AWL Deeds of Trust executed full reconveyances of their interests in the Farber
16  Property. (Dkt. No. 31; Exhs. C, D.) Chase acquired the loan from Washington Mutual
17  Bank, FA on September 25, 2008. (Dkt. No. 31; Exh. F.) The terms of the loan
18  explicitly state that the "[b]orrower [Mr. Farber] has requested and been approved for
19  a home loan…to purchase the real property securing the loan…and construct a
20  residence on the Farber Property." (TAC ¶ 19.) Farber used this loan in the precise
21  manner anticipated by the parties by leveling the home previously built on the Farber
22  Property and constructing an entirely new residence on the property. (Id.) Farber
23  allegedly fell behind in the payments owed on the debt. (Id. ¶ 20.)

24     In September 2010, Farber sold the Property by way of a "short sale" with
25  Defendant receiving approximately $1,139,345.00. (Id. ¶ 21.) In selling the Farber
26  Property through a short sale in September 2010, he signed a short sale approval letter
27  containing language that attempted to hold him responsible for all deficiency balances
28  remaining on the loan which waived the protection allotted under California Civil

Procedure Code section 580b ("section 580b"). (Id. ¶ 22.)  Specifically, Defendant's short sale approval letter stated, "[t]he amount paid to Chase is for the release of Chase's security interest(s) only, and the Borrower is responsible for all deficiency balances remaining on the Loan, per the terms of the original loan documents." (Id.)  According to Farber, the protection under section 580b applied because the loan was a standard purchase money debt secured by his home.  (Id. ¶ 23.)

Defendant continued collection efforts on the alleged deficiency balance alleging that Farber is not protected by section 580b. (Id. ¶ 24.)  Chase contends that Farber is indebted in the amount of about $419,855.00. (Id.)  Despite Farber's repeated requests to review the validity of the purported debt, Defendant has made various reports to credit agencies that he is delinquent on this debt.  (Id. ¶ 26.)

**A.     Legal Standard on Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.  See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).  Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  "In sum, for

a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff. al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009).

**B.    Defendant's Request for Judicial Notice**

Defendant requests judicial notice of recorded property records. (Dkt. No. 31-2, Exhs. A-F.) Plaintiff does not object to this request.

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a Court may consider exhibits attached to the complaint, matters subject to judicial notice, or documents necessarily relied on by the complaint whose authenticity no party questions. See Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007); Lee v. City of Los Angeles, 250 F.3d 668, 688–689 (9th Cir. 2001); United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment.").

Under Federal Rule of Evidence 201(b), judicial notice may be taken of facts that are "not subject to reasonable dispute" because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Here, Defendant requests the Court take judicial notice of (1) Plaintiff's Deed of Trust granted to Countrywide Bank, a Division of Treasury Bank, N.A. ("Countrywide Deed of Trust"), recorded by the Los Angeles County Recorder's Office ("LACR Office") on March 11, 2004 (Exh. A); (2) Plaintiff's Deed of Trust granted to America's Wholesale Lender ("AWL Deed of Trust"), recorded by the LACR Office on March 11, 2004 (Exh. B); (3) Plaintiff's full reconveyance of the

Countrywide Deed of Trust  recorded by the LACR Office on September 26, 2007
(Exh. C); (4) Plaintiff's full reconveyance of the AWL Deed of Trust recorded by the
LACR Office on September 21, 2007 (Exh.  D); (5) Plaintiff's Deed of Trust granted
to Washington Mutual Bank, F.A. ("WMB Deed of Trust"), recorded by the LACR
Office on September 13, 2007 (Exh. E); and (6) an affidavit of the Federal Deposit
Insurance Corporation regarding JP Morgan Chase Bank, N.A.'s acquisition of
Washington Mutual Bank's loans and loan commitments on September 25, 2008,
recorded by the King County, WA land records (Exh. F).

Federal courts routinely take judicial notice of facts contained in publically
recorded documents, including Deeds of Trust, because they are matters of public
record, and are not reasonably in dispute.  See e.g., Lee v.  City of Los Angeles, 250
F.3d 668, 689 (9th Cir. 2001) (quoting MGIC Indem.  Corp. v.  Weisman, 803 F.2d
500, 504 (9th Cir.  1986)); Lingad v.  IndyMac Fed.  Bank, 682 F. Supp. 2d 1142, 1146
(E.D. Cal.  2010).  Accordingly, the Court finds these publicly recorded documents are
not reasonably in dispute, and therefore GRANTS Defendant's request for judicial
notice.

**C.     Section 580b application to Farber's Loan**

Defendant argues that section 580b does not apply to Farber's loan because his
loan was used to refinance two pre-existing loans secured by deeds of trust against the
Farber Property.  In opposition, Plaintiff argues that section 580b applies  because his
loan was a construction loan.

California Code of Civil Procedure 580b, that was in effect at the time of the
relevant time period, provides:

> No deficiency judgment shall lie in any event after a sale of real
> property or an estate for years therein for failure of the purchaser to
> complete his or her contract of sale, or under a deed of trust or
> mortgage given to the vendor to secure payment of the balance of the
> purchase price of that real property or estate for years therein, or under
> a deed of trust or mortgage on a dwelling for not more than four
> families given to a lender to secure repayment of a loan which was in
> fact used to pay all or part of the purchase price of that dwelling
> occupied, entirely or in part, by the purchaser.

Cal. Civ. Proc. Code § 580b (2010).

Section 580b was drafted to protect purchasers under the standard purchase money mortgage transactions in which the vendor of real property retains an interest in the land sold to secure payment of part of the purchase price. Spangler v. Memel, 7 Cal.3d 603, 610 (1972). "Section 580b places the risk of inadequate security on the purchase money mortgagee. A vendor is thus discouraged from overvaluing the security. Precarious land promotion schemes are discouraged, for the security value of the land gives purchasers a clue as to its true market value. . . . If inadequacy of the security results, not from overvaluing, but from a decline in property values during a general or local depression, section 580b prevents the aggravation of the downturn that would result if defaulting purchasers were burdened with large personal liability. Section 580b thus serves as a stabilizing factor in land sales." Roseleaf Corp. v. Chierighino, 59 Cal.2d 35, 42 (1963).

Section 580b applies to "purchase money loans" used to pay all or part of the purchase price." Cal. Civ. Proc. Code § 580b. "Variations on the standard are subject to 580b only if they come within the purpose of that section." Spangler, 7 Cal. 3d at 610. As such, section 580b has been interpreted to apply to construction loans used to pay all or part of the cost of constructing the dwelling occupied by the borrowers. Prunty v. Bank of America, 37 Cal. App. 3d 430, 440-41 (1974) (explaining that the definitions of "purchaser" and "purchase" may include "the owner of real property who finances and builds a 'dwelling' on it 'acquires' or 'obtains' the dwelling for a 'price,' in no less a sense than the 'purchaser' of real property 'acquires' or 'obtains' the land itself.")

However, the California Court of Appeals in Wendland held that when a borrower refinances a purchase money loan, he loses the protection afforded by section 580b. Union Bank v. Wendland, 54 Cal. App. 3d 393, 400 (1976). That holding was overturned when California Senate Bill No. 1069 was passed in 2012 and amended section 580b to state that "no deficiency judgment shall lie in any event on any loan,

refinance, or other credit transaction. . . which is used to refinance a purchase money loan, or subsequent refinances of a purchase money loan . . . ." Cal. Civ. Proc. Code § 580b(c). It further provides that these provisions "shall only apply to credit transactions that are executed on or after January 1, 2013." <u>Id.</u> The legislative history acknowledged that

> [u]nder existing case law, the . . . deficiency protection is arguably lost when an individual refinances his or her mortgage. In other words refinancing may cause a loan to change from "non-recourse"–meaning the borrower is not liable for any deficiency–to a "recourse" loan–meaning the borrower may be liable for a deficiency. To address that issue, this bill would preserve the above anti-deficiency protection when loans are refinanced, except to the extent the lender or creditor advanced new principal.

California Bill Analysis Senate Committee, 2011-2012 Regular Session, Senate Bill 1069; Hearing on S.1069 before the Senate Judiciary Committee (2012).

In this case, the loan appears to be a hybrid and is not addressed by caselaw or the parties. The parties merely argue the case that supports their position without addressing this hybrid type of loan. Plaintiff cites to <u>Prunty</u> and contends that the loan is a construction loan and subject to section 580b, while Defendant cites to <u>Wendland</u> and argues that the loan is a refinance and not subject to section 580b. Neither party addresses the variation of the loan in this case.

In 2004, Farber and Adair obtained a loan secured by a deed of trust in the amount of $581,250.00. They also obtained a $116,250.00 revolving credit agreement. Then in 2007, Farber and Adair obtained a loan in the amount of $1,559,200.00 from Defendant. The loan amount was used to pay off two pre-existing loans, a refinance, and additional funds were advanced in order to construct a new residence on the Farber Property, a construction loan. The loan appears to be both a refinance and a construction loan.

While a refinanced loan did not receive the protection of section 580b prior to January 1, 2013, a construction loan is construed as a purchase money loan and subject to section 580b. No party has addressed whether a loan, that was used to refinance pre-existing loans and where additional amounts obtained were used to tear down and

1  rebuild an existing home, falls under the protection of section 580b.

2       In <u>Prunty</u>, the owners purchased unimproved real estate and then obtained a loan

3  for the purpose of constructing a residence.  <u>See</u> <u>Prunty</u>, 37 Cal. App. 3d at 434.  After

4  the home was built with the proceeds of the loan, a landslide demolished their home.

5  <u>Id.</u> at 433.  The owners filed an action for declaratory judgment that section 580b

6  barred the bank from recovering a deficiency judgment in the event of their default and

7  a judicial foreclosure and sale under the deed of trust.  <u>Id.</u>

8       The court of appeals affirmed the trial court's ruling that the loan fell within the

9  provision of section 580b.  <u>Id.</u> at 443.  In coming to its decision, the trial court held a

10  non jury trial and based on its findings of facts, entered a declaratory judgment in favor

11  of the plaintiffs.  <u>Id.</u> at 433.  As part of its findings of fact, the trial court noted that the

12  forms of the note and deed of trust for the construction loan were the same as the forms

13  used for a loan to purchase real property with a home already constructed on it.  <u>Id.</u> at

14  434.  Defendant looked to the land and to the building as security for the loan noting

15  that all the proceeds were used by plaintiffs to pay the purchase price of labor and

16  materials which were used to construct a single family residence on the property.  <u>Id.</u>

17  Defendant required that plaintiffs have an insurance policy on the land and

18  improvements with a lender's loss payable endorsement.  <u>Id.</u>  Based on these findings,

19  the trial court held that the loan fell under the protection of section 580b.

20       In this case, neither party has addressed the specific facts in this case and the

21  Court finds it premature to make a determination whether section 580b applies to the

22  loan at issue.  Accordingly, the Court DENIES Defendant's motion to dismiss on this

23  issue.

24  **D.**    **Rosenthal Fair Debt Collection Practices Act ("RFDCPA")**

25       Defendant, as a mortgage servicing company and a mortgage lender, argues that

26

27

28

1  the RDFCPA claim fails because it is not a "debt collector."[1]  Plaintiff contends that

2  Defendant qualifies as a "debt collector" because the RFDCPA, unlike the Federal

3  statute which is partially incorporated by RFDCPA, does not provide an exclusion for

4  creditors and mortgage servicers. (Dkt. No. 35.)

5        The RFDCPA applies only to debt collectors. Cal. Civ. Code. § 1788.17. The

6  RFDCPA in addition to incorporating some provisions of the federal statute, also

7  adopted its own definitions.   See Reyes v Wells Fargo Bank, N.A., No. C-10-1667

8  JCS, 2011 WL 30759, at *19 (N.D. Cal. Jan. 3, 2011).  The RFDCPA defines a "debt

9  collector" as "any person, who in the ordinary course of business, regularly, on behalf

10 of himself or herself or others, engages in debt collection." Cal. Civ. Code § 1788.2.

11 The definition of "debt collector" is broader under RFDCPA than the federal statute as

12 the FDCPA excludes creditors collecting on their own debts.  See Huy Thanh Vo v.

13 Nelson & Kennard, 931 F. Supp. 2d 1080, 1090 (E.D. Cal. 2013).  Although the state

14 statute does incorporate portions of the federal statute, Cal. Civ. Code § 1788.17, the

15 federal exclusion of "creditors collecting on their own debts," 15 U.S.C. §1692a(6), is

16 not included in the state statute, Cal. Civ. Code §1788.2(c).  See Austero v. Aurora

17 Loan Servs., No. C-11-00490 JCS, 2011 WL 1585530, at *8 (N.D. Cal. Apr. 27, 2011).

18 The RFDCPA broadly encompasses "any person" who regularly engages in debt

19 collection. Walters v. Fidelity Mortg. of CA, 730 F. Supp. 2d 1185, 1203 (E.D. Cal.

20 2010). Therefore, under the RFDCPA, a mortgage servicer can qualify as a "debt

21 collector" as the original lender, although excluded under the federal statue.  See

22 Austero, 2011 WL 1585530 at *26; see also Huy Thanh Vo v. Nelson & Kennard, 931

23 F. Supp. 2d 1080, 1087 (E.D. Cal. 2013) (holding that bank seeking to collect a debt

24 owed to it was a debt collector as long as they do so "in the ordinary course of business,

25

26      [1]In its reply, Defendant raises a new argument that the loan is not a "debt" as defined under the RFDCPA.  However, the Court declines to consider this argument.
27 See Coos County v. Kempthorne, 531 F.3d 792, 812 n. 16 (9th Cir. 2008) (declining to consider an argument raised for the first time in a reply brief); United States v. W.R.
28 Grace, 504 F.3d 745, 766 (9th Cir. 2007) (refusing to consider documents submitted with a reply brief), cert. denied, —— U.S. ——, 128 S.Ct. 2964 (2008).

1  regularly" under RFDCPA).

2      Here, Plaintiff alleges that Defendant "regularly engages in debt collection."

3  (Dkt. No. 28-1, TAC § 42.)  As alleged, Defendant qualifies under the RFDCPA as a

4  "debt collector."  Therefore, the Court DENIES Defendant's motion to dismiss on this

5  issue.

6  **E.      Preemption for Violation of 15 U.S.C. § 1692e(8)**

7      Defendant argues that the RFDCPA and Section 17200 claims alleging violations

8  of 15 U.S.C. § 1692e(8) are preempted by the Fair Credit Reporting Act ("FCRA").

9  Plaintiff does not oppose Defendant's argument but seeks leave to file a claim under

10 Cal. Civ. Code § 1785.25(a)[2] which is based on similar facts as the 15 U.S.C. §

11 1692e(8), and is not expressly preempted by the FCRA.

12     The FCRA contains an express preemption clause[3] that preempts any state law

13 that regulates liability for furnishers of information to the credit reporting agencies.

14 Plaintiff's state law claim under the RFDCPA incorporates § 1692e(8) of the FDCPA,

15 which proscribes "[c]ommunicating . . . to any person credit information which is

16 known or which should be known to be false, including the failure to communicate that

17 a disputed debt is disputed." 15 U.S.C. § 1692e(8).  The plain language of the FCRA

18 clearly preempts such a state law claim, unless it is brought under California Civil Code

19 section 1785.25(a).  See 15 U.S.C. § 1681t(b)(1)(F).  As a result, Plaintiff seeks leave

20 of court to file a similar cause of action under California Civil Code section 1785.25(a).

21 While it opposes the request, Defendant does not provide any specific reasons why it

22  _____

23     [2]California Civil Code section 1785.25 states "[a] person shall not furnish
24 information on a specific transaction or experience to any consumer credit reporting
   agency if the person knows or should know the information is incomplete or
25 inaccurate."  Cal. Civ. Code § 1785.25(a)

26     [3]The FCRA express preemption provision states: "[n]o requirement or
27 prohibition may be imposed under the laws of any State . . . relating to the
   responsibilities of persons who furnish information to consumer reporting agencies,
28 except with respect to section 54(a) of chapter 93 of the Massachusetts Annotated
   Laws; or with respect to section 1785.25(a) of the California Civil Code . . . ." 15
   U.S.C. § 1681t(b)(1)(F).

opposes.

Accordingly, based on Plaintiff's non-opposition and relevant law, the Court GRANTS Defendant's motion to dismiss as to 15 U.S.C. § 1692e(8) and underlying 17200 claims as preempted by the FCRA. The Court also GRANTS Plaintiff leave of court to file a claim under California Civil Code section 1785.25(a).

**F.     15 U.S.C. § 1692(f)(1)[4]**

Defendant argues that the violation of 15 U.S.C. § 1692f(1) and related UCL claim fail as a matter of law because even if section 580b acts as a bar to the collection of the deficiency balance, it does not affect the validity of the debt. Plaintiff does not oppose this argument.

"[California Civil Procedure Code] Section 580b, by its own terms eliminates a creditor's ability to seek a deficiency judgment, but it does not eliminate the underlying debt." Herrera v. LCS Fin. Servs. Corp., No. C09–02843, 2009 WL 2912517, at *8 (N.D. Cal. Sept. 9, 2009) (emphasis added). "The fact of that debt's existence may be entirely theoretical, given that section 580b closes the courthouse door on any creditor's collection efforts against the mortgagor. However, the claim that section 580b erases the debt . . . must fail as a matter of law." Id. Additionally, § 580b does not prohibit or even discuss reporting debts to credit reporting agencies. See Cal. Civ. Proc. Code § 580b.

California courts have held that while section 580b "prohibits a judgment against a debtor following foreclosure, it does not prevent a creditor from realizing on additional security." Armsey v. Channel Ass., Inc., 184 Cal. App. 3d 833, 837 (1986) (citation omitted) (mortgagee entitled to fire insurance proceeds for damage up to amount of indebtedness remaining after foreclosure); Estate of Moore, 135 Cal. App. 2d 122, 132 (1955). The "debtor-creditor relationship between the parties is not totally extinguished during foreclosure proceedings where the beneficiary purchases property

---

[4]Defendant also argue that 15 U.S.C. § 1692e(8) also fails as a matter of law; however, since the Court concludes that this provision is preempted by the FCRA, the Court need not address this issue.

1   for less than the amount of the balance due under the deed of trust." Id.

2       The third amended complaint alleges that Defendant violated 15 U.S.C. §

3   1692f(1) "by attempting to collect amounts which were not expressly authorized by the

4   agreement creating the debt or permitted by law since Defendant attempted to collect

5   an alleged that was not owed by Plaintiff . . . due to the protection of CCP § 580b."

6   (Dkt. No. 28-1, TAC ¶ 48.)  Although a creditor may not seek a personal judgment for

7   remaining amounts due after a short sale, it may collect on the debt through other

8   means since the debt is not erased by section 580b.  See Armsey, 184 Cal. App. 3d at

9   837.

10      Accordingly, based on the Court's analysis and Plaintiff's non-opposition, the

11  Court finds that the Plaintiff's allegations do not state a claim under the RFDCPA

12  under 15 U.S.C. § 1692f(1).  As a result, the GRANTS Defendant's motion to dismiss

13  the RFDCPA and section 17200 claims based on violations of 15 U.S.C. § 1692f(1).

14  **G.    Litigation Privilege**

15      Defendant argues that Plaintiff's causes of action under 15 U.S.C. § 1692e(2)[5],

16  § 1692(e)(10)[6], and § 1692f(1)[7] and all the UCL claims are barred by the litigation

17  privilege pursuant to California Civil Code section 47(b).  Plaintiff disagrees.

18      California Civil Code Section 47(b) creates a litigation privilege for publications

19

20      [5]"A debt collector may not use any false, deceptive, or misleading representation
    or means in connection with the collection of any debt. Without limiting the general
21  application of the foregoing, the following conduct is a violation of this section:

22  (2) The false representation of-- (A) the character, amount, or legal status of any debt
    . . . ." 15 U.S.C. § 1692e(2).

23

24      [6]"A debt collector may not use any false, deceptive, or misleading representation
    or means in connection with the collection of any debt. Without limiting the general
25  application of the foregoing, the following conduct is a violation of this section:

26  (10) The use of any false representation or deceptive means to collect or attempt to
    collect any debt or to obtain information concerning a consumer."  15 U.S.C. §
27  1692e(10).

28

        [7]The Court already dismissed this cause of action as described above.

or broadcasts made in any judicial proceeding. Cal. Civ. Code § 47(b).  It applies in any "legislative proceeding . . judicial proceeding . . . in any other official proceeding authorized by law, . . . . Cal. Civ. Code § 47(b).  It applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Silberg v. Anderson, 50 Cal.3d 205, 212 (1990).

District courts are split with respect to whether the litigation privilege bars RFDCPA claim.  See Komarova v. Nat'l Credit Acceptance, Inc., 175 Cal. App. 4th 324, 337 (2009) (while the issue has not yet been discussed in any reported California state court cases, the federal district courts have addressed the issue) (listing cases). The court in Komarova stated it agreed with the majority of the district court cases that if the litigation privilege and the RFDCPA conflict, then the RFDCPA prevails. Id. at 337-38.  The Court explained that the "litigation privilege cannot be used to shield violations of the Act." Id. at 337.  Exceptions have been recognized under statutes that "are more specific" than the privilege, and "would be significantly or wholly inoperable" if the privilege applied.  Id. at 339.

Defendant attempts to distinguish this case from Komorova and other cases stating that in those cases, the court held that the RFDCPA provisions were more specific than section 47(b); however, in this case, Defendant argues that Plaintiff's claims do not implicate any provision prohibiting specific conduct.   However, Defendant provides no authority that these provisions of the RFDCPA are less specific than section 47(b).  Moreover, it appears to the Court that 15 U.S.C. § 1692e(2) and 15 U.S.C. § 1692(e)(10) prohibit specific acts of misrepresentation.  Thus, Defendant has not demonstrated that the litigation privilege applies to the RFDCPA for violations of 15 U.S.C. § 1692e(2) and 15 U.S.C. § 1692(e)(10) and related UCL claims. Accordingly, the Court DENIES Defendant's motion to dismiss on this issue.

/ / / /

**H.    Section 17200**

Defendant contends that the section 17200 claims should be dismissed because section 580b prohibits "deficiency judgments" in specific situations and does not prohibit attempted collection of outstanding loan balances following the sale of real property to third parties.  It asserts that since the third amended complaint does not allege that a deficiency judgment has been issued against him, there can be no violation of section 580b.  Plaintiff does not address this specific argument but presents arguments in opposition to the dismissal of the section 17200 claims.

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.  "Each of these three adjectives captures a separate and distinct theory of liability." Rubio v. Capital One Bank, 613 F.3d 1195, 1203 (9th Cir. 2010) (quotation marks omitted).  Section 17200 "borrows" violations of other laws and treats them as unlawful practices independently actionable under section 17200.  Id.  "Unfair" means any practice whose harm to the victim outweighs its benefits.  Olsen v. Breeze, Inc., 48 Cal. App. 4th 608, 618 (1996).

Here, the 17200 claims are based on the same statutory provisions as those alleged in the RFDCPA cause of action.  The remaining UCL claims are based on 15 U.S.C. § 1692e(2), and 15 U.S.C. § 1692e(10).  The third amended complaint alleges that, pursuant to 15 U.S.C. § 1692e(2), Defendant made false representations concerning the character, amount, or legal status of the debt in asserting that the alleged debt alleged to be owed by Plaintiff was not protected under section 580b. (Dkt. No. 28-1, TAC ¶ 45.)  The third amended complaint also asserts that, pursuant to 15 U.S.C. § 1692e(1), Defendant made false representations or used deceptive means to collect or attempt to collect on the debt by falsely representing to Plaintiff that the alleged debt Defendant was attempting to collect was not protected by section 580b.  (Id. ¶ 47.)  In order to state a claim, these allegations do not require an assertion that a  deficiency judgment was issued against Plaintiff.  Therefore, Defendant's argument is not persuasive, and the Court DENIES Defendant's motion to dismiss as to this issue.

**I.     Motion to Strike**

Defendant also, alternatively, filed a motion to strike portions of the third amended complaint. Plaintiff opposes. Based on the Court's ruling, the Court DENIES Defendant's motion to  strike portions of the third amended complaint as moot and duplicative.

**Conclusion**

Based on the above, the Court GRANTS in part and DENIES in part Defendant's motion to dismiss the third amended complaint.  Specifically, the Court GRANTS Defendant's motion to dismiss the RFDCPA and underlying section 17200 cause of action alleged under 15 U.S.C. § 1692e(8) as preempted by the FCRA, and 15 U.S.C. § 1692f(1) as barred as a matter of law.  The Court DENIES Defendant's motion to dismiss on the remaining statutory provisions of the RFDCPA and related section 17200 causes of action.  The Court also GRANTS Plaintiff leave of court to add a cause of action under Cal. Civ. Code section 1785.25(a).   The Court further DENIES Defendant's motion to strike as MOOT.  Plaintiff is granted leave of court to file a fourth amended complaint within 20 days of the filing of this order.

IT IS SO ORDERED.

DATED:  January 8, 2014

HON. GONZALO P. CURIEL
United States District Judge