# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUART FARBER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK N.A.,<br><br>Defendant. | CASE NO. 12-cv-2367-GPC-BGS<br><br>**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO STAY PROCEEDINGS**<br><br>[Dkt. No. 46.] |

Before the Court is Defendant Chase Bank's motion to stay proceedings pending the resolution of Coker v. JP Morgan Chase Bank, N.A., 159 Cal. Rptr. 3d 555 (2013), review granted and opinion superseded sub nom. Coker v. JP Morgan Chase Bank, N.A., 164 Cal. Rptr. 3d 413 (2013) which will decide the scope and impact of California Code of Civil Procedure 580b and impact Plaintiff's theories of recovery. (Dkt. No. 46.) On May 1, 2014, Plaintiff file a non-opposition. (Dtk. No. 49.) Based on the reasoning below, the Court GRANTS Defendant's unopposed motion to stay proceedings.

**Discussion**

**A.    Motion for Stay**

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing

1  Landis v. N. Am.Co., 299 U.S. 248, 254 (1936)).  In determining whether to grant a
2  motion to stay, "the competing interests which will be affected by the granting or
3  refusal to grant a stay must be weighed."  Lockyer v. Mirant Corp., 398 F.3d 1098,
4  1110 (9th Cir. 2005).  These interests include: (1) the possible damage which may
5  result from the granting of a stay, (2) the hardship or inequity which a party may suffer
6  in being required to go forward, and (3) the orderly course of justice measured in terms
7  of the simplifying or complicating of issues, proof, and questions of law which could
8  be expected to result from a stay.  Id.

9       In Coker, the Court of Appeals reversed the trial court's order sustaining
10 defendant's demurrer without leave to amend and held that California Code of Civil
11 Procedure section 580b applies to short sales.  Coker, 159 Cal. Rptr.2d at 558.  In the
12 instant case, Defendant seeks to collect amounts due to it following a short sale of
13 Plaintiff's property. A resolution of the legal issue in Coker would simplify this case.

14      Here, there would be no damage or hardship from the granting of a stay as the
15 case is still in its early stages.  A fourth amended complaint was recently filed on
16 January 29, 2014 with an Answer filed on March 6, 2014.  In addition, a stay would
17 avoid inconsistent rulings and contribute to the interests of justice and efficiency.
18 Accordingly, the Court exercises its discretion and grants Defendant's unopposed
19 motion for a stay.

20 **Conclusion**

21      Based on the above, the Court GRANTS Defendant's unopposed motion for a
22 stay pending resolution of Coker v. JP Morgan Chase Bank, N.A., 159 Cal. Rptr. 3d
23 555 (2013), review granted and opinion superseded sub nom. Coker v. JP Morgan
24 Chase Bank, N.A., 164 Cal. Rptr. 3d 413 (2013). The parties are directed to inform this
25 / / / /
26 / / / /
27 / / / /
28 / / / /

Court within five (5) days of a ruling by the California Supreme Court.  The Court VACATES the hearing scheduled for **June 20, 2014.**

   IT IS SO ORDERED.

DATED:  June 11, 2014

HON. GONZALO P. CURIEL
United States District Judge